UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WESTERN AMERICA
PROPERTIES, INC.,

    Plaintiff,

v.

EXCEL ESCROW SERVICES, LLC,
EXCEL TITLE AGENCY, LLC, JANEL
CHIPMAN, METRO EQUITY GROUP,
LLC, and COREY HOWARD,

    Defendants.
    _____/

Case No. 10-cv-14207

HONORABLE STEPHEN J. MURPHY, III

## ORDER DENYING PLAINTIFF'S MOTION
## FOR ALTERNATIVE SERVICE ON DEFENDANTS
## METRO EQUITY GROUP, LLC AND COREY HOWARD (docket no. 11)

Before the Court is Plaintiff's motion for an order permitting alternative service on defendants Metro Equity Group, LLC (Metro) and Corey Howard. Plaintiff apparently has had difficulty serving defendants Metro and Howard, Metro's sole member. After a thorough review, the Court concludes that a hearing on the motion is unnecessary and will decide the motion on the briefs. See E.D. Mich. LR 7.1(f)(2). Because Plaintiff has not shown that Metro and Howard cannot be served by traditional means, the Court will deny the motion.

Rule 4(e) of the Federal Rules of Civil Procedure provides that service of process may be made through any method authorized by the state in which the district court sits. Fed. R. Civ. P. 4(e)(1). Rule 2.105(A) of the Michigan Rules of Court provides that process may be made on an individual by either delivering a summons and a copy of the complaint to the defendant personally, or by sending the defendant a summons and a copy of the complaint by registered or certified mail, return receipt requested, with delivery restricted

to the addressee. *See* Mich. Ct. R. 2.105(A). Service on a limited liability company can be made by serving a summons and a copy of the complaint on a member an officer, director, trustee, agent, or other person in charge, and sending a summons and a copy of the complaint by registered mail, addressed to an office of the association. *See* Mich. Ct. R. 2.105(E).

If service cannot reasonably be made through one of these traditional methods, Rule 2.105(I) permits a court to authorize alternative methods of service reasonably calculated to give the defendant actual notice of the proceedings. *See* Mich. Ct. R. 2.105(I)(1) & (3). A request for an order must 1) be made in a verified motion dated within 14 days of its filing, 2) set forth sufficient facts showing process cannot be served under the default provisions of Rule 2.105, and 3) state the defendant's address, last known address, or that the defendant's address is unknown. *See* Mich. Ct. R. 2.105(I).

Plaintiff has not demonstrated that it is entitled to serve defendants Howard and Metro by alternative methods. In addition to the fact that its motion is not verified, *see* Mich. Ct. R. 2.114(B)(2) (listing ways in which a pleading may be verified), Plaintiff has not demonstrated that Howard and Metro cannot be served by traditional methods. As stated above, an individual may be served personally *or* by sending a summons and a copy of the complaint by registered or certified mail, return receipt requested, and delivery restricted to the addressee. Mich. Ct. R. 2.105(A). Plaintiff states that it attempted to serve Howard personally on numerous occasions, but does not state that it tried serving him by mailing the summons and a copy of the complaint to his last known address. Plaintiff must try to serve Howard by *all* available traditional methods before it may seek to serve him by an alternative method. *See Elec. Workers Local 58 Pension Trust Fund v. Rite Elec. Co.*, No. 10-cv-11815, 2010 WL 4683883, *1 (E.D. Mich. Nov. 10, 2010); *cf. All Points Capital Corp.*

*v. Great Lakes Tissue Co.*, No. 08-50760, 2009 WL 187700, *1 (E.D. Mich. Jan. 26, 2009) (finding that plaintiff's inability to serve corporation by one of four available traditional methods did not obviate need to try to serve it by other three traditional methods). Plaintiff also has not tried serving Metro in the traditional manner. Before it may obtain an order permitting alternative service on Metro, it must attempt to serve Howard (the sole member of Metro), as well as mail the summons and a copy of the complaint to one of Metro's offices. *See* Mich. Ct. R. 2.105(E).

Because Plaintiff has not shown that it has been unable to serve defendants Howard and Metro by traditional means, it is not entitled to an order permitting alternative service on those defendants.

**WHEREFORE**, it is hereby **ORDERED** that Plaintiff's motion for alternative service on defendants Howard and Metro (docket no. 11) is **DENIED.**

**SO ORDERED.**

            s/Stephen J. Murphy, III
            STEPHEN J. MURPHY, III
            United States District Judge

Dated: January 13, 2011

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 13, 2011, by electronic and/or ordinary mail.

            Alissa Greer
            Case Manager